Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that although in form the bill filed by the appellants was a proceeding by way of foreign attachment, yet in effect the allegations of *370 the bill presented a case for equitable relief. The paper designated in the bill as a bill of exchange drawn in favour of Messrs. Scholtz & Brothers, by Henry Grivegnee jr., and filed with and made a part of the bill, constituted an equitable assignment of so much of the legacy bequeathed to the said Henry Grivegnee jr. by Joseph Gallego, for the recovery of which it was competent for the assignees, and the appellants, to whom they had transferred the same, to proceed in chancery, under the ordinary jurisdiction of the Court, for relief against the home and absent defendants; and upon due proof of their claim, they were entitled to a decree for the legacy so assigned, under the prayer for general relief, as against the representatives of said Joseph Gallego, and the absent defendant, and all others who do not shew themselves entitled to any prior claim.
The Court is further of opinion, that as the suit of the appellee Joseph Charles De Soer was not instituted until the 24th day of July 1819, four days after the equitable assignment made by the said Henry Grivegnee jr. to Scholtz & Brothers, of the sum of 10,000 dollars, on account of said legacy, the claim of the appellants to the extent of said 10,000 dollars, with interest thereon, was entitled to priority of satisfaction over the attachment sued out by the appellee De Soer; and as there was no exception to the report of the commissioner, admitting said assignment as evidence, or any further proof of the due execution thereof called for in the Court below, or before the commissioner, the objection to allowing the claim for want of proof of the execution of the assignment, cannot be for the first time raised in the appellate Court. It was competent for the appellee De Soer, seeking to subject said fund to satisfaction of his debt by way of attachment, to have filed an amended bill making the appellants parties, for the purpose of impeaching the said assignment, or upon the general order of reference, proof of the execution of *371 the assignment could have been called for; but nothing of the kind was done. The assignment was exhibited in evidence, and read upon the hearing without objection, and must as against the appellee De Soer, be taken for what on its face it purports to be, and to have been executed on the day it bears date.
The Court is further of opinion, that as the decree in this case, though pronounced in different cases, was a decree disposing of a subject to which conflicting claims were sot up, and so far as the attaching creditors were concerned, the jurisdiction attached in consequence of the subject being under the control of the Court, when by a decree rendered in all the cases the subject is disposed of, any of the parties injured by such disposition of the subject, has a right to appeal from the decree ; and such appeal brings up the whole decree disposing of the subject for revision, to which all the other claimants interested in such disposition, though their claims have been asserted by distinct bills, are parties.
The Court is therefore of opinion, that so much of said decree as directed a ratable distribution of the fund between the appellants and appellee Joseph Charles De Soer was erroneous. It is therefore reversed, with costs, against Joseph Charles De Soer, and is affirmed for the residue. And the causes are remanded to be proceeded in according to the principles of this decree.